```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------- X
                                               )
RALF HARTMANN,                                 )
                                               )    C.A. No.
                         Plaintiff,            )
                                               )
              v.                               )    COMPLAINT AND
                                               )    JURY DEMAND
APPLE, INC.                                    )
                                               )
                         Defendant.            )
                                               )
---------------------------------------------- X
```

Plaintiff, Ralf Hartmann, by and through his attorneys, Lebowitz Law Office LLC, as and for the complaint against defendant APPLE, Inc., ("Apple) as follows:

NATURE OF THE ACTION

1. This is a civil action for damages against Defendants for violations of the United States Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. This action arises out of Defendant's infringement of copyrights in numerous Motion Pictures (as defined below) to which Plaintiff owns or controls copyright and/or exclusive distribution rights.

2. Plaintiff brings this action against Defendant for direct, and contributory infringement of Plaintiff's copyrights in the Motion Pictures, in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), as adopted by the Copyright Act, and in violation of the copyright laws of the foreign countries identified below, where Defendant also violated Plaintiff's copyrights by committing

1

infringing acts, including, without limitation, copying, distributing, renting, lending, selling, issuing, performing or broadcasting the Motion Pictures within these Foreign Countries (the "Foreign Copyright Laws").  Plaintiff seeks damages for Defendant's infringements (and an injunction to prevent further unlawful use).

## PARTIES

3.    Plaintiff Ralf Hartmann ("Plaintiff" or "RH") is a citizen and resident of Germany.

4.    Defendant Apple, Inc. ("Apple") is a corporation organized and existing under the laws of the State of California but operates in all 50 states and has numerous offices, stores, and employees in New York.

5.    Upon information and belief, Apple owns and operates the iTunes store and service, and the iTunes App, described below. iTunes has no independent operation. Instead, it is completely controlled in every manner by defendant Apple.

## JURISDICTION AND VENUE

6.    The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C § 101 et seq.). This action is a civil action over which this court has original jurisdiction.

7.    Upon information and belief, a substantial part of the facts of infringement complained of herein occurs or has occurred in this district, and Defendants are subject to personal jurisdiction in

this district because they maintain a headquarters in this district located at 100-104 Fifth Avenue, New York, NY.

8. Personal jurisdiction over Defendant is proper in this Court, among other reasons, on the grounds that Defendant, through its interactive web-based media distribution service, caused the unlicensed rental, sale, broadcast and distribution of the Plaintiff's Motion Pictures throughout the State of New York, including within this judicial district.

9. This Court has personal jurisdiction over Defendants pursuant to CPLR § 302 (New York's long-arm statute) due to their continuous and systematic business activities within New York as described below. Defendants have conducted and do conduct business within New York. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products in the United States, and specifically to New York. Defendants purposefully and voluntarily streamed, rented, sold, broadcast and distributed Plaintiffs' Motion Pictures in New York.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(a).

GENERAL ALLEGATIONS

<u>The Motion Pictures</u>

11. Pursuant to an agreement and short form assignment entered into between Capella Films, Inc. ("Capella Films") and RH dated January 1, 2008, Capella Films assigned, transferred and sold to RH all of Capella Films' interests (the "Interests") in multiple motion pictures, including the following nine (9) motion pictures: (i) *Austin Powers: International Man of Mystery*; (ii) *After the Rain*; (iii) *A Business Affair*; (iv) *Commander Hamilton*; (v) *Drop Dead Gorgeous*; (vi) *Fall*; (vii) *The Last Tattoo*; (viii) *Music From Another Room*; and (ix) *Pete's Meteor* (the "Motion Pictures").

12. The Interests acquired by RH included the copyrights in the following Motion Pictures registered with the United States Copyright Office: *After The Rain*; *A Business Affair*; *Commander Hamilton*; *Fall*; *The Last Tattoo*; *Music From Another Room*; and *Pete's Meteor*. The copyright registration numbers for each of these Motion Pictures are set forth in the document annexed hereto as Exhibit A.

13. Among the bundle of rights afforded to RH under United States copyright law – which rights were acquired from Capella Films – are the exclusive rights to "Reproduce the copyrighted work," "distribute copies…of the copyrighted work to the public," "perform the copyrighted work publicly," and "display the copyright work publicly." 17 U.S.C. § 106. This includes the exclusive right "to transmit or otherwise communicate a performance or display" of the Motion Pictures "to the public by means of any device or process whether the members of the public capable of receiving the performance

4

or display receive it in the same place or in separate places and at the same time or at different times." Id. § 101.

14. The Interests acquired by RH from Capella Films also included the copyright in and to the following two Motion Pictures throughout the International Territory (including any renewals and extensions of copyright): *Austin Powers: International Man of Mystery*; and *Drop Dead Gorgeous*. Here, the "International Territory" acquired by RH was defined as "the universe with the exclusion of the United States and Canada".

15. Apple owns and operates an internet based, media distribution store and service called iTunes ("iTunes Store") through which they offer, among other digital content, films and television shows for rent or purchase via a transactional video on demand distribution method ("TVOD").

16. Although the iTunes Store is accessible via the internet, in order to rent or purchase films or other digital content through the iTunes store, a user must install Apple's proprietary digital media player ("iTunes Software") in order to rent or purchase digital content from the iTunes Store. The iTunes Software is available for download for Macintosh and Windows computers and Apple branded portable devices, such as the iPhone and iPad.

17. Upon information and belief, the iTunes Store is currently available in over 175 countries and territories around the world.

18. The iTunes Store is accessible at www.apple.com/itunes and equivalent international websites in foreign countries, including, but not limited to Australia (www.apple.com/au/itunes), United Kingdom

(www.apple.com/gb/itunes), Germany (www.apple.com/de/itunes), Poland (www.apple.com/pl/itunes), Norway (www.apple.com/no/itunes), Sweden (www.apple.com/se/itunes), Finland (www.apple.com/fi/itunes), and Denmark (www.apple.com/dk/itunes) (the "Foreign Countries").

19. Beginning in July 2017, Defendant, without Plaintiff's authorization, has reproduced, distributed to the public for profit by sale or by rental, and publicly performed Plaintiff's copyright protected Motion Pictures *After the Rain,* in the United States, including in this District, in violation of Plaintiff's exclusive rights, including the display of the individual images of the Motion Picture *After the Rain*.

20. Specifically, Defendant reproduced, distributed, publicly performed and displayed the Motion Picture *After the Rain* in the United States through its iTunes Store – both accessible to public end users via the internet, iTunes Software and by downloadable app – and by means of sale (Electronic Sell Through or "EST") or rental (Download to Rent or "DTR").

21. Defendant continued to reproduce, distribute, publicly perform and display the Motion Picture *After the Rain* in the United States, including in this District, via Defendant's iTunes Store thru December 2017, and upon information and belief, thereafter into 2018.

22. During this period, the Motion Picture *After the Rain* was rented or purchased in the United States by end users of iTunes.

23. Moreover, beginning in July 2017, Defendant, without Plaintiff's authorization, has reproduced, distributed to the public for profit by sale or by rental, and publicly performed Plaintiff's

6

copyright protected Motion Pictures *After the Rain* and *Austin Powers: International Man of Mystery*, on its iTunes Store, in the Foreign Countries, including, but not limited to, United Kingdom, Norway, Sweden, Finland, and Denmark.

24. Specifically, Defendant reproduced, distributed, publicly performed and displayed the Motion Pictures *After the Rain* and *Austin Powers: International Man of Mystery* in the Foreign Countries through its iTunes Store – accessible to public end users in the Foreign Countries via the internet using iTunes Software or by downloadable app – and by means of sale (EST) or rental (DTR).

25. Defendant continued to reproduce, distribute, publicly perform and display the Motion Pictures *After the Rain* and *Austin Powers: International Man of Mystery* in the Foreign Countries, via the iTunes Store thru December 2017, and upon information and belief, thereafter into 2018.

26. Collectively, the Motion Pictures *After the Rain* and *Austin Powers: International Man of Mystery* were reproduced, distributed, publicly performed and/or displayed thousands of times in the Foreign Countries.

27. Defendant, without Plaintiff's authorization, have upon information and belief, stored, hosted, and reproduced multiple, identical, digital copies of each of these two Motion Pictures - *After the Rain* and *Austin Powers: International Man of Mystery* – onto and among multiple hard drives housed in Defendant's digital storage facilities or data centers ("Data Centers") which are located throughout the United States.

28. Upon information and belief, each Data Center is one part of or one node within a larger, connected network of Data Centers which Defendant's own in the United States.

29. Upon information and belief, each of Defendant's Data Center is connected to the internet, and to each other, which allowed Defendants to copy each of these two Motion Pictures - *After the Rain* and *Austin Powers: International Man of Mystery* – onto many hard drives or servers located within the multiple Data Centers which Defendant owns in the United States.

30. Upon information and belief, Defendant then reproduced, distributed, publicly performed and displayed the Motion Pictures - *After the Rain* – from its Data Centers in the United States to end users in the United States, including this District, via the iTunes Store –by means of sale (EST) and rental (DTR).

31. Upon information and belief, Defendant also then reproduced, distributed, publicly performed and displayed the Motion Pictures - *After the Rain* and *Austin Powers: International Man of Mystery* – from its Data Centers in the United States to end users in the Foreign Countries, via the iTunes Store – by means of sale (EST) and rental (DTR).

32. Defendant's reproduction, distribution, public performance and/or display of the Motion Picture - *After the Rain* – within the United States was without Plaintiff's license or authorization and a violation of the Copyright Act.

33. Defendant's reproduction of the Motion Pictures - *After the Rain* and *Austin Powers: International Man of Mystery* – within the

8

United States and distribution, public performance and/or display of these Motion Pictures in the Foreign Countries, was without Plaintiff's license or authorization and a violation of the Copyright Act.

34. Upon information and belief, Defendant's reproduction, distribution, public performance and/or display of the Motion Picture – *After the Rain* – within the United States, occurred multiple times, since July 2017.

35. Upon information and belief, Defendant's reproduction of the Motion Pictures – *After the Rain* and *Austin Powers: International Man of Mystery* – within the United States, and distribution, public performance and/or display of these Motion Pictures in the Foreign Countries, occurred hundreds, if not thousands of times, since July 2017.

36. Upon information and belief, Defendant's infringing acts, including, without limitation, copying, distributing, renting, lending, selling, issuing, performing or broadcasting the Motion Pictures – *After the Rain* and *Austin Powers: International Man of Mystery* – within the Foreign Countries and in violation of Foreign Copyright Law, occurred hundreds, if not thousands of times, since July 2017.

37. Because information regarding Defendant's full use of RH's Motion Pictures remains incomplete or in Defendant's sole possession, the full and complete scope of Defendant's infringing activities and infringing uses of RH's Motion Pictures has not yet been fully ascertained.

38. Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendant's unauthorized, unlicensed, and/or infringing use and exploitation of the Motion Pictures is not limited to the uses described herein.

39. Defendant's pattern of unlicensed, unauthorized, and uncompensated use of the Motion Pictures injured Plaintiff, including by depriving Plaintiff of his rightful compensation for the use of his Motion Pictures and infringing on Plaintiff's exclusive rights to control the reproduction, use, distribution, and sale of his Motion Pictures.

## CLAIMS FOR RELIEF

## COUNT I

**Direct Infringement of Copyright in the United States**

40. RH incorporates by reference each and all of his prior allegations as if set forth herein.

41. Defendant, without Plaintiff's authorization, has reproduced, distributed to the public for profit by sale or by rental, and publicly performed Plaintiff's copyright protected Motion Picture *After the Rain* in the United States, including in this District, in violation of Plaintiff's exclusive rights, including the display of the individual images of the Motion Picture *After the Rain.*

42. The foregoing acts of infringement by Defendant has been willful, intentional, and in disregard and with indifference to the rights of Plaintiff.

43. As a direct and proximate result of Defendant's infringement of RH's copyrights and exclusive rights under copyright in the Motion Pictures, RH is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

44. RH is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## COUNT II

**Contributory Infringement of Copyrights in the United States**

45. RH incorporates by reference each and all of his prior allegations as if set forth herein.

46. Defendant maintains the website www.apple.com/itunes and offers access to the iTunes Store via the iTunes Software and downloadable App, through which Defendant reproduced, distributed to the public for profit by sale or by rental, and publicly performed Plaintiff's copyright protected Motion Picture - *After the Rain* - in the United States, in violation of Plaintiff's exclusive rights, including the display of the individual images of the Motion Picture *After the Rain*.

47. Defendants also developed, maintained and distributed the iTunes Software and iTunes App through which Defendant reproduced, distributed to the public for profit by sale or by rental,

11

and publicly performed Plaintiff's copyright protected Motion Picture – *After the Rain* – in the United States, in violation of Plaintiff's exclusive rights, including the display of the individual images of the Motion Picture *After the Rain*.

48. Defendant, by facilitating, managing or directing unauthorized distributions of the Motion Picture *After the Rain*, , to which RH owns or holds the exclusive rights, materially contributed to the violation of the copyright laws by end users of the iTunes Store.

49. The acts of contributory infringement by Defendant has been committed willfully and with the knowledge that its conduct aided and abetted the end-users of the iTunes Store to violate the exclusive rights of Plaintiff in the Motion Picture *After the Rain*.

50. Each unlawful reproduction, distribution, public performance and/or public display of the Motion Picture – *After the Rain* – by end-users of the iTunes Store constitutes a separate act of contributory infringement on the part of Defendant for which Plaintiff is entitled to actual damages.

51. As a direct and proximate result of Defendant's contributory infringement of RH's copyrights and exclusive rights under copyright, RH is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be entitled to his actual damages, including Defendant's profits from infringement, as will be proven at trial.

52. RH is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

### COUNT III

**Contributory Infringement of Copyrights in Motion Pictures Reproduced on Defendant's Data Centers in the United States and Distributed To Foreign Countries**

53. RH incorporates by reference each and all of its prior allegations as if set forth herein.

54. Defendant, without Plaintiff's authorization, reproduced digital copies of the Motion Pictures – *After the Rain* and *Austin Powers: International Man of Mystery* – on Defendant's Data Centers in the United States, for the purpose of further distributing the Motion Pictures in the Foreign Countries, via their iTunes Store.

55. From Defendant's Data Centers in the United States, and through their iTunes Store, Defendants' distributed copies of the Motion Pictures – *After the Rain* and *Austin Powers: International Man of Mystery* – to iTunes Store end-users located in the Foreign Countries.

56. Defendant's wrongful acts of reproduction and distribution of the Motion Pictures – *After the Rain* and *Austin Powers: International Man of Mystery* – on their Data Centers in the United States, were predicate acts of domestic copyright infringement from which flowed extraterritorial acts of copyright infringement by end-users of the iTunes Store in the Foreign Countries.

57. Each such unlawful reproduction and distribution of any of these Motion Pictures – *After the Rain* and *Austin Powers: International Man of Mystery* – from Defendant's Data Centers in the

United States to end-users of the iTunes Store in the Foreign Countries, constitutes a separate act of contributory infringement by Defendant for which Plaintiff is entitled to actual damages.

58. As a direct and proximate result of Defendant's contributory infringement of RH's copyrights and exclusive rights under copyright, RH is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at RH's election, pursuant to 17 U.S.C. § 504(b), RH shall be entitled to its actual damages, including Defendant's profits from infringement, as will be proven at trial.

59. RH is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## COUNT IV

### Copyright Infringement In Violation Of The Foreign Copyright Laws

60. RH incorporates by reference each and all of its prior allegations as if set forth herein.

61. Defendant stored digital copies of the Motion Pictures – *After the Rain* and *Austin Powers: International Man of Mystery* – on their servers located in the United States.

62. Defendant utilized the Prime Video service to stream the Motion Pictures – *After the Rain* and *Austin Powers: International Man of Mystery* – from their servers in the United States and/or the Foreign Countries, to iTunes Store customers in the Foreign Countries.

63. Plaintiff's exclusive rights in the Motion Pictures - *After the Rain* and *Austin Powers: International Man of Mystery* - are protectable under Foreign Copyright Laws of countries that are signatories to the Berne Convention.

64. Defendant's actions of distributing copies of RH's copyright protected Motion Pictures - *After the Rain* and *Austin Powers: International Man of Mystery* – to iTunes Store customers in the Foreign Countries, through the iTunes Store accessible via www.apple.com or Defendant's equivalent websites in the Foreign Countries, or via the iTunes Software, without RH's authorization or consent, constitutes copyright infringement under the Foreign Copyright Laws, entitling RH to money damages under the Foreign Copyright Laws, including, where applicable, statutory damages for each infringing act.

WHEREFORE, Plaintiff Ralf Hartmann prays that this Court enter judgment against Defendant Apple, Inc. as follows:

    (a)    That Defendant be held to have infringed upon Plaintiff's copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 501 et seq.;

    (b)    that Defendant be held to have willfully infringed upon Plaintiff's copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 501 et seq.;

    (c)    that an accounting be had and judgment be rendered against Defendant for the profits, gains, and advantages derived from its wrongful actions, with such amounts to be increased and trebled as provided by law because of the willful and deliberate nature of Defendant's actions;

    (d)    compensatory damages and full restitution of all funds acquired from Defendant's unfair business practices, including disgorgement of profits;

    (e)    actual damages suffered by Plaintiff;

(f) and/or statutory damages upon Plaintiff's election;

(g) punitive damages, to be awarded to Plaintiff;

(h) costs of suit herein;

(i) costs of investigation;

(j) both pre- and post-judgment interest on any amounts awarded;

(k) payment of reasonable attorneys' fees;

(l) declaratory relief; and

(m) such other and further relief as the Court may deem just and proper.

### DEMAND FOR A JURY TRIAL

As to all causes of action, where applicable, Plaintiff demands a jury trial.

Dated: New York, New York
       August 3, 2020

LEBOWITZ LAW OFFICE, LLC

By: _____
Marc A. Lebowitz
Keith M. Getz
747 Third Avenue
23rd Floor
New York, New York 10017
(212) 682-6818
*Attorneys for Ralf Hartmann*