**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RALF HARTMANN,

               Plaintiff,

       v.

APPLE INC.,

               Defendant.

Case No. 1:20-cv-06049-GHW

**Oral Argument Requested**

**MEMORANDUM OF LAW IN SUPPORT OF**
**APPLE INC.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ...................................................................................................................... 4

ARGUMENT ........................................................................................................................... 6

I.      THE SAC DOES NOT ADEQUATELY ALLEGE OWNERSHIP OF A
        REGISTERED COPYRIGHT .......................................................................................... 6

      A.    Plaintiff Again Misrepresents To the Court That a Copyright Transfer for
           Austin Powers Is a Copyright Registration............................................................ 6

      B.    Plaintiff Has Not Alleged Valid Transfers Of Either Copyright. ........................... 8

II.     THE SAC DOES NOT ADEQUATELY PLEAD CONTRIBUTORY
        INFRINGEMENT .......................................................................................................... 11

      A.    Plaintiff Fails Again to Allege Facts Showing That Apple Knew of Any
           Infringing Conduct................................................................................................ 12

      B.    Plaintiff's Allegations About Apple's Foreign Activities Remain
           Impermissibly Speculative.................................................................................... 13

III.    PLAINTIFF MAY NOT SUE FOR FOREIGN COPYRIGHT INFRINGEMENT
        IN U.S. COURTS. ......................................................................................................... 15

      A.    Plaintiff May Not Sue for Foreign Copyright Infringement in U.S. Courts. ....... 15

      B.    Supplemental Jurisdiction Does Not Rescue Plaintiff's Foreign Copyright
           Claims................................................................................................................... 17

CONCLUSION....................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AJ Energy LLC v. Woori Bank*,
No. 18-CV-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019), *aff'd*,
829 F. App'x 533 (2d Cir. 2020) ................................................................................. 11

*Arista Records LLC v. Lime Grp. LLC*,
784 F. Supp. 2d 398 (S.D.N.Y. 2011) ....................................................................... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................. 15, 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................... 14

*Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*,
2011 WL 13195977 (S.D.N.Y. Aug. 29, 2011), *aff'd*, 437 F. App'x 57 (2d Cir.
2011) .............................................................................................................. 18, 19, 20

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) .................................................. 13, 16, 17

*DigitAlb, Sh.a v. Setplex, LLC*,
284 F. Supp. 3d 547 (S.D.N.Y. 2018) ......................................................................... 20

*Films by Jove, Inc. v. Berov*,
341 F. Supp. 2d 199 (E.D.N.Y. 2004) ......................................................................... 18

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
139 S. Ct. 881 (2019) ................................................................................................. 6, 8

*Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*,
1996 WL 724734 (S.D.N.Y. Dec. 17, 1996) .............................................................. 19

*Hartmann v. Amazon Inc. et al.*,
20-cv-04928-PAE ......................................................................................................... 4

*Hartmann v. Google LLC et al.*,
20-cv-05778-ER ............................................................................................................ 4

*Hartmann v.Popcornflix.com LLC*,
20-cv-04923-VSB .......................................................................................................... 4

*In re Livent, Inc. Noteholders Sec. Litig.*,
151 F.Supp.2d 371 (S.D.N.Y. 2001) ........................................................................... 11

*Konigsberg Int'l Inc. v. Rice*,
16 F.3d 355 (9th Cir. 1994) ........................................................................................... 9

# TABLE OF AUTHORITIES

*(continued)*

**Page(s)**

*Lefkowitz v. John Wiley & Sons,*
2014 WL 2619815 (S.D.N.Y. June 2, 2014) .................................................. 13, 17

*Malibu Media, LLC v. Doe,*
2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019) ...................................................... 7, 8

*Murray v. British Broadcasting Corp.,*
81 F.3d 287 (2d Cir. 1996) .................................................................................. 20

*Noland v. Janssen,*
2019 WL 1099805 (S.D.N.Y. Mar. 8, 2019) ...................................................... 19

*Papa's–June Music, Inc. v. McLean,*
921 F.Supp. 1154 (S.D.N.Y.1996) ........................................................................ 9

*Quiroga v. Fall River Music, Inc.,*
1998 WL 851574 (S.D.N.Y. Dec. 7, 1998) ......................................................... 16

*Scan Top Enter. Co. v. Winplus N. Am., Inc.,*
2015 WL 4945240 (N.D. Ill. Aug. 19, 2015) ................................................... 9, 12

*Scotten v. First Horizon Home Loan Corp.,*
No. 12-cv-1266 WBS, 2012 WL 3277104 (E.D. Cal. Aug. 9, 2012).................... 11

*Screen Media Ventures, LLC v. Capella International, Inc. and Ralf Hartmann,*
Index No. 654358/2012 .................................................................................. 4, 10

*Smith v. BarnesandNoble.com, LLC,*
143 F. Supp. 3d 115 (S.D.N.Y. 2015) .............................................................. 12, 14

*State St. Glob. Advisors Tr. Co. v. Visbal,*
431 F. Supp. 3d 322 (S.D.N.Y. 2020) ...................................................... 15, 17, 18

*Techniques, Inc. v. Rohn,*
592 F. Supp. 1195 (S.D.N.Y. 1984) ...................................................................... 9

*Time, Inc. v. Kastner,*
972 F. Supp. 236 (S.D.N.Y. 1997) ........................................................................ 9

*Torah Soft Ltd. v. Drosnin,*
136 F. Supp. 2d 276 (S.D.N.Y. 2001) ................................................................. 20

*Weinstein Co. v. Smokewood Entm't Grp., LLC,*
664 F. Supp. 2d 332 (S.D.N.Y. 2009) .......................................................... 6, 9, 12

**TABLE OF AUTHORITIES**

*(continued)*

**Page(s)**

*Wolk v. Kodak Imaging Network, Inc.,*
  840 F. Supp. 2d 724 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014) ............................................................ 16, 17

**Statutes**

17 U.S.C. § 204(a) .............................................................................................. 6, 8

17 U.S.C. § 205 ................................................................................................. 7, 12

17 U.S.C. § 205(b) ................................................................................................... 7

17 U.S.C. § 410(a) ................................................................................................... 7

17 U.S.C. § 410(b) ................................................................................................... 7

17 U.S.C. § 411(a) ................................................................................................... 6

17 U.S.C. § 411(b) ................................................................................................... 7

**Other Authorities**

*Choice of Law, Forum Selection, and Extraterritoriality*, 7 Patry on Copyright § 25:105 (Sep. 2020) ................................................................................................ 18

**Rules**

Fed. R. Evid. 201(b)(2) .......................................................................................... 10

# INTRODUCTION

This case should end now, because Plaintiff's multiple amendments conclusively show he cannot present a viable complaint. Despite promising to fix four problems that Defendant Apple Inc. ("Apple") had identified in its original pre-motion letter (ECF No. 22), Plaintiff not only repeated the original defects in his second complaint but introduced new ones. When faced with Apple's dispositive arguments in its next pre-motion letter and Motion to Dismiss (ECF Nos. 32 and 41), Plaintiff tried again—amending his complaint without responding to Apple's motion. As shown in the attached redline to Plaintiff's First Amended Complaint, the ball has not advanced any further down the field. *See* Ex. 1. Rather than allege new facts that might state a claim against *Apple*, Plaintiff apparently copied pages and pages of allegations from *other* proceedings against *other* defendants concerning *other* copyrights that are not the subject of this case, as shown in the attached redline to Plaintiff's complaint against Google. *See* Ex. 2.[1] He advances expansive jurisdictional theories that courts have routinely rejected. Once again, Plaintiff misrepresents public records. Once again, his complaint contradicts his own statements to another court. And ultimately, once again, he cannot cure his pleadings. Apple respectfully asks the Court to bring this wasteful exercise to a close and to dismiss the case with prejudice.

*First*, the SAC *still* does not adequately allege a valid copyright registration for *Austin Powers: International Man of Mystery* ("*Austin Powers*") or copyright ownership in either *Austin Powers* or *After the Rain*. Plaintiff has never disputed that, as a transferee plaintiff, he must clear both hurdles to state a claim; yet he fails to do so. Remarkably, Plaintiff continues to misrepresent that a *recordation* of a copyright mortgage for *Austin Powers* is a copyright

---

[1] Unless otherwise indicated, (i) all internal citations and quotation marks are omitted, (ii) all emphasis is added, and (iii) citations to lettered exhibits are to Plaintiff's Second Amended Complaint (ECF No. 44), and numbered exhibits are to the February 22, 2021 declaration of Hannah Chanoine.

registration. It is not. Without a valid registration, Plaintiff cannot pursue his claims under clear Second Circuit and Supreme Court precedent.

Moreover, as Plaintiff is by now well aware, the Copyright Act's statute of frauds requires transferee plaintiffs to plead the existence of a signed writing unambiguously evidencing a copyright transfer. But even now, on his third try, he fails to plead any signed writings transferring ownership in the two films to *him*—an omission that by now clearly indicates he cannot do so. On top of that, the printouts from the Copyright Office attached to the SAC show a chain of title that ends with three different entities—not Plaintiff. And contrary allegations in the New York state court case still suggest that a different entity (again not Plaintiff) owns the copyrights.

*Second*, Plaintiff's contributory infringement claims (Counts II–III) fail yet again, because Plaintiff still has not alleged facts giving rise to a reasonable inference that Apple knew of infringing activity. Rather, the SAC sets forth vague "on information and belief" allegations that Apple's "industry experience" and the films' metadata somehow alerted Apple to the alleged infringement. The Court need not credit such empty and conclusory allegations, particularly where Plaintiff has failed to plead plausible facts from which Apple could have derived knowledge, such as a letter alerting Apple to the supposed infringement, or even a recorded copyright interest. Plaintiff's other factual allegation, that Apple employs a "digital rights management team" and uses software "to monitor its rights to prevent unauthorized usage," suggests the opposite of what Plaintiff contends, *i.e.* that Apple's efforts are aimed at *protecting* the rights of copyright holders rather than infringing them.

*Third*, Plaintiff's contributory infringement claims are still insufficient for the separate reason that the SAC does not plausibly allege facts that support a conclusion Apple contributed

to the alleged infringement. The handful of speculative allegations recycled from Plaintiff's prior pleadings are a far cry from the substantial participation required to state a contributory infringement claim. Plaintiff's allegations that Apple's European subsidiaries maintain their own server infrastructure to serve content to end users belies his "on information and belief" allegation that these subsidiaries' content comes from Apple's U.S. data centers. And even if the Court credits this fact-free allegation, simply uploading something to a data center can hardly be considered a substantial contribution.

*Fourth*, Plaintiff's restyled claim of foreign infringement (Count IV) still runs headlong into basic principles of extraterritoriality. Rather than add any facts to support his foreign copyright infringement claim, Plaintiff instead added new legal theories that cannot withstand scrutiny. As before, infringement of foreign copyrights in foreign countries is still not actionable in the United States, no matter how many times Plaintiff contends otherwise. And Plaintiff's weak allegation that Apple's U.S. conduct contributes to foreign infringement is inadequate to establish the kind of plus factors courts in this district have required before entertaining a foreign infringement claim. Plaintiff's new supplemental jurisdiction argument fails, because Plaintiff fails to (1) plead a claim over which this Court has original jurisdiction, (2) identify the foreign laws he contends have been violated, and (3) identify any reason for this Court to violate principles of international comity and entertain speculative claims with little to no connection to the United States.

While Plaintiff has again suggested he could shore up his conjectures if only the Court allowed discovery, his failure to overcome the exact same pleading defects three times in a row demonstrates that he cannot. The Court should dismiss each and every count and refuse Plaintiff a fourth chance to plead a copyright claim against Apple.

## BACKGROUND

The SAC is Plaintiff's third attempt to plead a copyright claim against Apple.[2] After Plaintiff filed his initial copyright suit, alleging Apple infringed his U.S. copyright to the film *After the Rain* and his international copyright to *Austin Powers*, Apple challenged the initial complaint in a Pre-Motion Letter. ECF No. 22. Apple identified four defects that required dismissal: Plaintiff failed to plead (1) ownership of registered copyrights, (2) facts that Apple *knowingly* contributed to the infringement of Plaintiff's copyrights, (3) facts that Apple *materially* contributed to any infringement, and (4) a cognizable claim for foreign copyright infringement. *Id.* Recognizing his complaint could not stand, Plaintiff amended it. ECF No. 27.

Plaintiff's First Amended Complaint ("FAC") provided some additional details about the films but, like the initial Complaint, it suffered numerous defects that Apple raised in its initial pre-motion letter (ECF No. 32) and then a motion to dismiss (ECF No. 41). First, the FAC identified no registered copyright for *Austin Powers*—only "recordations" of copyright transfers. FAC ¶ 13; (*see* ECF No. 41 at 7-11). Second, none of the certifications of recordation for either film reflected a transfer of copyrights to *Plaintiff*. Instead, the FAC introduced two German entities—Erste Beteiligung KC Medien AG ("Erste") and Zweite Beteiligung KC Medien ("Zweite")—which allegedly acquired the copyrights in the films and, through a chain of "agreement[s]," transferred the copyrights to Plaintiffs in 2008. FAC ¶ 17. But none of these transfers were alleged to be in a signed writing, and the allegations of Plaintiff's ultimate ownership conflicted with pleadings in a parallel state court proceeding. *Id.* ¶ 13 (*see* ECF 41 7-11). Third, Plaintiff alleged no facts that could plausibly give rise to an inference that Apple

---

[2] Plaintiff has filed the following SDNY cases making similar allegations against other entities: *Hartmann v.Popcornflix.com LLC*, 20-cv-04923-VSB; *Hartmann v. Amazon Inc. et al.*, 20-cv-04928-PAE, and *Hartmann v. Google LLC et al.*, 20-cv-05778-ER. He is also a party to a dispute relating to the same films in New York state court, *Screen Media Ventures, LLC v. Capella International, Inc. and Ralf Hartmann*, Index No. 654358/2012.

knowingly and materially contributed to any copyright infringement (*see* ECF No. 41 at 12-13)—let alone that it committed predicate acts that materially aided foreign copyright infringement. *See* ECF No. 41 at 15. Plaintiff again withdrew his pleading in the face of Apple's arguments.

Now on his third attempt, Plaintiff sprinkles in a few new allegations, "on information and belief," that Apple had "access to license and distribution information contained in metadata," with his conjecture that Apple uploads all content to its U.S. servers—even content distributed in foreign countries by Apple subsidiaries with their own server architecture. (SAC ¶¶ 35, 43.) These new allegations do not set forth what information the newly alleged metadata contained. Nor do they allege any *facts* that Apple distributes U.S. content to foreign subsidiaries. Moreover, none of Plaintiff's new allegations allege a registered copyright for Austin Powers, or transfer of ownership in a *signed* writing.

Like the prior two complaints, the SAC still does not allege Plaintiff ever informed Apple of his alleged copyrights, published or marketed his copyright ownership interests, or sent a cease-and-desist letter requesting that Apple take the movies down. Nevertheless, Plaintiff asserts four causes of action against Apple: (1) direct copyright infringement of both films in the United States; (2) contributory copyright infringement of both films in the United States; (3) contributory copyright infringement of both films by reproducing them on Apple data centers in the United States and unnamed "Foreign Countries" for distribution in the United States and those "Foreign Countries"; and (4) direct infringement of his copyrights in both movies under the laws of unspecified "Foreign Countries."

## ARGUMENT

## I. THE SAC DOES NOT ADEQUATELY ALLEGE OWNERSHIP OF A REGISTERED COPYRIGHT

Plaintiff has never disputed that, as an assignee plaintiff, he must plausibly allege: (1) the existence of a valid copyright registration, *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019); and (2) transfer of the registered copyright to him in a writing *signed by the owner*, 17 U.S.C. § 204(a), *Weinstein Co. v. Smokewood Entm't Grp., LLC*, 664 F. Supp. 2d 332, 339 (S.D.N.Y. 2009). Having now failed three times to plead a registered copyright for *Austin Powers* or a signed writing transferring ownership in either *Austin Powers* or *After the Rain* to him, it is clear that Plaintiff's pleading faults are no mere technical defect: he has not pled because he cannot. The Court should dismiss the entire complaint with prejudice.

### A. Plaintiff Again Misrepresents To the Court That a Copyright Transfer for *Austin Powers* Is a Copyright Registration.

Plaintiff cannot assert a claim for copyright infringement for *Austin Powers* because he still fails to plead a registered copyright. Registration is "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate*, 139 S. Ct. at 887; *see also* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). As Apple has repeatedly pointed out, the certificates of recordation for *Austin Powers* referenced in Plaintiff's prior complaints are not copyright registrations. *See* ECF Nos. 22 at 2; 32 at 2; 41 at 6-7. Not only are the documents referenced in the SAC *not* copyright registrations, it is improper for Plaintiff to have represented otherwise. *See Malibu Media, LLC v. Doe*, 2019 WL 1454317, at *4 (S.D.N.Y. Apr. 2, 2019) .

Registration is a specific process that requires an applicant to deliver to the Copyright Office "a "deposit, application, and fee," and is not complete until the Copyright Office "registers [the] copyright." *See Fourth Estate*, 139 S. Ct. at 888. The Copyright Office has discretion to "refuse registration." *See* 17 U.S.C. § 410(b). Once the Copyright Office approves the application, it issues a "certificate of registration under the seal of the Copyright Office" that includes "the information given in the application, together with the number and effective date of the registration." *See id.* §§ 410(a), 411(b).

Plaintiff's third try at pleading a registration for *Austin Powers* fails for the same reason his prior attempts did. The "registration" he cites for *Austin Powers* and attaches as Exhibit E— Nos. V 3405D622 and V 3408D529 (*see* SAC ¶ 13(a); Ex. E)—is no registration at all; rather it is a Copyright Office printout showing certificates of *recordation*. As Apple has explained, unlike a copyright registration, certificates of recordation (like the one attached to the SAC) are issued under 17 U.S.C. § 205 upon receipt of records reflecting, for example, transfer of ownership in copyright and a fee. The Copyright Office does not review such documents for propriety, in contrast to the Copyright Office's obligation to review registration applications to determine if the claim is invalid. *See* 17 U.S.C. § 205(b) ("[T]he Register of Copyrights shall … record the document and return it with a certificate of recordation.").

On its face, Exhibit E is not a certificate of registration. Moreover, the contents describe a copyright mortgage and assignment and do not reflect the existence of a registration: the document does not list a registration number or effective date, and it does not include the information from a registration application required by 17 U.S.C. § 410(a). *See id*. Apart from Apple's repeated arguments that a copyright recordation differs from a registration, Plaintiff need have looked no further than the registration for *After the Rain* attached as Exhibit A to the

SAC. That document (1) *does* clearly bear the registration number and effective date, and (2) contains the information given in the application for registration.

Having failed to plead a registration for *Austin Powers* for a third time, Plaintiff should be barred for continuing to prosecute his baseless claim. *See Fourth Estate*, 139 S. Ct. at 887; *see also Malibu Media, LLC*, 2019 WL 1454317, at *4 (admonishing copyright plaintiff for "misleading" court about existence of approved copyright registrations and observing that "[t]he Court expects more from counsel, who owe a duty of candor to the Court").

### B.    Plaintiff Has Not Alleged Valid Transfers Of Either Copyright.

For both *Austin Powers* and *After the Rain*, Plaintiff—yet again—fails to plead written transfer agreements signed by the owners as required under the Copyright Act's statute of frauds, § 204(a). This omission cannot be excused because Plaintiff is by now well aware that he must allege a *signed* writing to withstand a motion to dismiss. ECF Nos. 32 at 1-2; 40 at 7-11; 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, *is not valid unless* an instrument of conveyance, or a note or memorandum of the transfer, is *in writing and signed by the owner of the rights conveyed* or such owner's duly authorized agent."). That defect warrants dismissal. *Weinstein Co.*, 664 F. Supp. 2d at 339 ("[C]ourts in this Circuit have repeatedly held that a signed writing is required to effectuate a transfer of copyright ownership.").[3]

---

[3] *See also Time, Inc. v. Kastner*, 972 F. Supp. 236, 239 (S.D.N.Y. 1997) (rejecting claims for failure to comply with Copyright Act's statute of frauds); *Papa's–June Music, Inc. v. McLean*, 921 F. Supp. 1154, 1158–60 (S.D.N.Y.1996) (granting motion to dismiss for plaintiff's failure to allege transfer by way of a signed writing satisfying § 204(a)); *Techniques, Inc. v. Rohn*, 592 F. Supp. 1195, 1197 (S.D.N.Y. 1984) (same); *Konigsberg Int'l Inc. v. Rice*, 16 F.3d 355 (9th Cir. 1994) (same, affirming dismissal); *Scan Top Enter. Co. v. Winplus N. Am., Inc.*, 2015 WL 4945240, at *3 (N.D. Ill. Aug. 19, 2015) ("Merely alleging . . . the copyrights were assigned to [him] is insufficient to survive a motion to dismiss.").

Moreover, the SAC provides facially conflicting answers to the question of who owns the copyrights. On one hand, Plaintiff pleads a vague reference to a writing transferring ownership to Plaintiff (without alleging the writing was signed). On the other hand, Plaintiff attaches to the SAC documents that refute his ownership claim. Apparently with no business records of his own, Plaintiff attached Copyright Office printouts showing a chain of title that ends with Third Orbit Productions, Inc. and Erste & Zweite KC Medien, AG—not Plaintiff. SAC ¶ 13(a). Further, the documents show Capella *International* possesses an interest in the copyrights—not Capella Films, as alleged in the SAC. *Id.* Nor does Plaintiff even mention one of the copyright claimants for *After the Rain*, Third Orbit Products, much less that Third Orbit unambiguously relinquished its interests in a signed writing.

*Second*, pleadings in the New York state case further undermine Plaintiff's ownership allegations in this case. The allegations in that case suggest that Capella *International*—not Plaintiff—owns the copyrights to *Austin Powers* and *After the Rain*. *See* Ex. 3 *Screen Media Ventures, LLC v. Capella International, Inc. and Ralf Hartman*, Index No. 654358/2012, NYSCEF Dkt. No. 16 (Answer ¶ 2 and Counterclaims ¶¶ 4–5 (alleging Capella International granted worldwide license to distribute *After the Rain* and *Austin Powers* to Screen Media Ventures).) Plaintiff's conflicting allegations of ownership, and the corresponding Copyright Office records, are detailed in the chart below.

| Alleged Ownership As Of | S.D.N.Y. | New York State | Copyright Office Records |
|---|---|---|---|
| Prior to May 27, 2007 | **Erste** and **Zweite** own the copyright in *After the Rain* (SAC ¶¶ 17-18)<br><br>**Erste** owns the copyright in *Austin Powers* (SAC ¶ 17) | From at least 2002, **Capella International** owned both copyrights. (Counterclaims ¶¶ 4, 20) | Erste, Zweite, and **Third Orbit Productions** listed in the records for *After the Rain* |

9

| | | | Capella **International**, Erste, and **New Line Production**s own a copyright in *Austin Powers* |
|---|---|---|---|
| May 27, 2007 | **Cappella Films** held both copyrights (SAC ¶¶ 17-18) | Capella **International** has owned the copyrights since at least **2002**, but licensed distribution rights to Screen Media Ventures (Counterclaims ¶¶ 4, 21) | No recordation of the alleged transfer to Hartmann and no indication of Hartmann's alleged ownership |
| January 1, 2008 | **Hartmann** held both copyrights (SAC ¶¶ 19–20) | Capella **International** owned the copyrights (Counterclaims ¶¶ 4, 21) | No recordation of the alleged transfer to Hartmann and no indication of Hartmann's alleged ownership |
| June 27, 2017 | **Hartmann** was the sole owner of *After the Rain* and *Austin Powers* (SAC ¶ 22) | Distribution rights in *After the Rain* and *Austin Powers* **reverted back to Capella International** following a license agreement with SMV (Counterclaims ¶ 20–21) | No indication of Hartmann's alleged ownership |

The Court is entitled to judicially notice Plaintiffs' statements as a basis to conclude that the SAC's vague allegations simply do not create a plausible inference that Plaintiff owns the alleged copyrights. Fed. R. Evid. 201(b)(2) (court may judicially notice readily determinable facts from unquestionably reliable sources); *In re Livent Inc. Noteholders Sec. Litig.*, 151 F.Supp.2d 371, 405–06 (S.D.N.Y. 2001) (courts need not accept as true conflicting pleadings that are contradicted by facts of which the court may take judicial notice) (collecting cases); *Scotten v. First Horizon Home Loan Corp.*, No. 12-cv-1266 WBS, 2012 WL 3277104, at *6 (E.D. Cal. Aug. 9, 2012) ("Such conflicting allegations of facts that would be within plaintiffs' knowledge do not plausibly suggest entitlement to relief.") (citing *AJ Energy LLC v. Woori Bank*, No. 18-CV-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F.

App'x 533 (2d Cir. 2020) (granting dismissal because district courts are not "obliged to reconcile plaintiff's own pleadings that are contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint").

Courts in this district have dismissed copyright claims when the plaintiff alleged facts that created a far stronger suggestion of ownership than what Plaintiff has pled here. (ECF Nos. 22 at 2; 32 at 2; 41 at 6-7). For example, in *Weinstein* Judge Buchwald dismissed the plaintiff's suit because the written email exchange on which plaintiff relied did not plausibly lead to the conclusion that there was a signed writing that "unambiguously embodie[d]" a copyright transfer. *See Weinstein Co.*, 664 F. Supp. 2d at 339. The court concluded that "any claim [] that [the plaintiff] acquired an exclusive license without a legally sufficient writing (of some sort) is irretrievably flawed as a matter of law and, accordingly, dismissed." *Id.*; *see also Scan Top*, 2015 WL 4945240, at *3 (allegations that interests were "assigned to" plaintiff insufficient where plaintiff's name did not appear on Copyright Office records). Because Plaintiff is unable to comply with § 204(a), his claims should be dismissed with prejudice.

## II.    THE SAC DOES NOT ADEQUATELY PLEAD CONTRIBUTORY INFRINGEMENT

Plaintiff's renewed contributory infringement claims (Counts II and III) fail once again on all three required elements, because he fails to allege that (1) there was "direct infringement" by a third party, (2) Apple had "knowledge of the infringing activity," and (3) Apple "materially contribute[d] to the infringing conduct." *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 423 (S.D.N.Y. 2011); *Smith v. BarnesandNoble.com, LLC*, 143 F. Supp. 3d 115, 124 (S.D.N.Y. 2015). To begin, as explained above and in prior briefing, Plaintiff cannot allege a direct infringement of his rights because he does not adequately allege ownership of a copyright in either film, or a copyright registration for *Austin Powers*. *See supra* Section I. Furthermore,

Plaintiff (1) alleges no facts that lead plausibly to the conclusion Apple was aware of any infringing conduct, (2) cannot assert a claim in this Court for foreign infringement, and (3) alleges no facts that Apple materially contributed to any infringing conduct.

### A.    Plaintiff Fails Again to Allege Facts Showing That Apple Knew of Any Infringing Conduct.

Plaintiff cannot state a claim for contributory infringement unless he can allege facts that Apple "*with knowledge of the infringing activity*, induced, caused, or materially contributed to the infringing conduct of another." *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 WL 296561, at *2 (S.D.N.Y. Feb. 11, 2003) (dismissing complaint for failure to plead knowledge). Mere allegations of potential infringement or "general awareness of infringement" are inadequate. *Lefkowitz v. John Wiley & Sons*, 2014 WL 2619815, at *11 (S.D.N.Y. June 2, 2014) (dismissing contributory infringement claim). Instead, allegations must include specific facts showing knowledge of infringing conduct, *see id.*, such as knowledge through "cease-and-desist letters, officer and employee statements, promotional materials, and industry experience," *Smith*, 143 F. Supp. 3d at 124.

But the SAC makes no allegations that (1) Plaintiff sent any cease-and-desist letters to Apple, (2) Plaintiff published his ownership in any promotional materials, or (3) anyone from Apple stated they were aware of Plaintiff's alleged interests. *See Smith*, 143 F. Supp. 3d at 124. Nor does Plaintiff allege he recorded his interests in the films with the Copyright Office, which arguably could have given Apple constructive notice of Plaintiff's ownership claim. *See* 17 U.S.C. § 205 (recordation can "give all persons constructive notice" of recorded facts).

Instead, the SAC offers conclusory "on information and belief" allegations that Apple "knew or should have known" of infringing conduct. (SAC ¶ 119.) Such allegations are insufficient, even at the pleading stage. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation."). The SAC also repeats the same allegation about Apple's "digital rights management team" and use of software "to monitor its rights to prevent unauthorized usage" (*Compare* SAC ¶¶ 53, 118 *with* FAC ¶ 70). These allegations suggest Apple was trying to *protect*—not infringe—the interests of copyright holders.

Plaintiff's new allegations that Apple, "on information and belief," had the "benefit of industry experience" and "access to license and distribution information contained in metadata" do not plausibly allege the requisite knowledge for contributory infringement, because Plaintiff does not allege that either the "industry experience" or "metadata" would have reflected Plaintiffs' copyright ownership. At most, the allegation is consistent with the fact that Apple *could* have been alerted to infringement, not that it was alerted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").

Finally, Plaintiff ignores that the iTunes Store is capable of substantial non-infringing uses, which defeats any inference that Apple had constructive knowledge. *See Smith*, 839 F.3d at 165 (no contributory infringement because download facility was capable of substantial non-infringing uses).

### B.   Plaintiff's Allegations About Apple's Foreign Activities Remain Impermissibly Speculative.

The SAC advances speculation about Apple's foreign activities in an attempt to rescue Plaintiff's contributory infringement claims. The recycled allegations that Apple leased servers somewhere "outside the United States" (SAC ¶¶ 46–48) and "*through its European subsidiaries*, distributed Plaintiff's motion picture[s] from Apple's Data Centers outside the United States to

iTunes Store end users located outside of the United States" (*id.* ¶ 111; *see also id.* ¶¶ 45-46, 80[4])
do not plausibly allege that that Apple "materially contributed to the direct violation of copyright
laws by end users" (*id*. ¶ 77). His "on information and belief" allegations that all content
distributed via the iTunes Store is uploaded in the United States—even if distributed abroad by
different Apple-affiliated entities (*id.* ¶ 35, 43)—remains sheer conjecture. This is insufficient.
*Cf. State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020).

Plaintiff's foreign infringement claims fail for a separate reason: he does not allege Apple
materially contributed to infringing conduct. *See Brought to Life*, 2003 WL 296561, at *2.
Merely alleging Apple "provided the opportunity to engage in wrongful conduct" is not enough.
*Id.*; *see also Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012),
*aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014) (finding mere
allegations that website passed along infringing images insufficient to state contributory
infringement claim); *Quiroga v. Fall River Music, Inc.*, 1998 WL 851574, at *37 (S.D.N.Y. Dec.
7, 1998) ("A mere allegation that the defendant provided the third party with the opportunity to
engage in wrongful conduct would not even be enough to survive a motion to dismiss."). To
survive dismissal, Plaintiff must allege facts that (1) Apple's participation in the alleged direct
infringement was "substantial," (2) Apple's assistance bears "a direct relationship to the
infringing acts," and (3) Apple "acted in concert with the direct infringer." *Brought to Life*, 2003
WL 296561, at *2.

Plaintiff's "material contribution" allegations boil down to a string of conjectures about
the global internet: because Apple's various servers are "connected to each other" via the internet

---

[4] The paragraph numbering in the SAC is inconsistent and out of order. This citation refers to the paragraph 80 on p.
20 of the SAC.

(SAC ¶ 35), then Apple *could have* transferred copies of the films to servers leased by non-party affiliates. This hypothesis is insufficient to state a claim. Courts have consistently held that the mere availability of content over the internet is insufficient to state a claim—particularly where doing so would result in extraterritorial application of copyright laws. *See State St. Glob. Advisors*, 431 F. Supp. 3d at 340 (allegation that international firm's content was accessible over the internet to U.S. customers was "insufficient to state a claim, given the limitation on the extraterritorial application of United States copyright law"). In any event, merely providing the means for other entities to access the content, without alleging concerted action or "substantial" assistance, fails to plead contributory infringement. *See Wolk*, 840 F. Supp. 2d at 750 (mere allegations that website passed along infringing images insufficient to state contributory infringement claim); *Lefkowitz*, 2014 WL 2619815, at *11 (merely transmitting images to third parties did not state contributory infringement claim); *Brought to Life*, 2003 WL 296561, at *2. The allegations remain implausible and cannot survive dismissal. *Iqbal*, 556 U.S. at 678. Counts II and III should be dismissed with prejudice.

## III.   PLAINTIFF MAY NOT SUE FOR FOREIGN COPYRIGHT INFRINGEMENT IN U.S. COURTS

The FAC failed to state a claim for "foreign copyright infringement" (Count IV) because no such claim exists. With his third attempt, Plaintiff adds no *facts* to rehabilitate that claim. Instead, he tries new legal theories. But like before, his foreign infringement claim is still not actionable in U.S. courts, and his new invocation of supplemental jurisdiction does not salvage it.

### A.   Plaintiff May Not Sue for Foreign Copyright Infringement in U.S. Courts.

Count IV rests on the flawed premise that Plaintiff can sue Apple in the United States for alleged infringement of non-U.S. copyrights that transpired wholly in an unspecified foreign country. He cannot: foreign infringement does not give rise to a claim in U.S. courts, as this

Court has recognized. *State St. Glob. Advisors Tr. Co.*, 431 F. Supp. 3d at 340 ("[I]t is well established that copyright laws generally do not have extraterritorial application."); *see also Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, 2011 WL 13195977, at *3 (S.D.N.Y. Aug. 29, 2011), *aff'd*, 437 F. App'x 57 (2d Cir. 2011) (dismissing claims that U.S. company infringed copyrights in Thailand for lack of subject matter jurisdiction). Count IV alleges infringement of copyrights that occurred wholly in foreign countries under foreign law. Such claims cannot continue in this Court.

The Berne Convention, referenced in the SAC's introduction but not in the actual cause of action for foreign copyright infringement (*see* SAC ¶ 2), does not help Plaintiff. That treaty merely provides a "foreign copyright owner . . . in the United States courts the same protection as a citizen owner." *Films by Jove, Inc. v. Berov*, 341 F. Supp. 2d 199, 213 (E.D.N.Y. 2004). But as this Court has recognized elsewhere, a U.S. citizen cannot sue here for infringement based in another country. *See State St. Glob. Advisors*, 431 F. Supp. 3d at 340. Yet Plaintiff's claims are even further beyond the pale—he seeks to recover in a U.S. court for damages due under *foreign* law: "Defendant's actions . . . constitute[] copyright infringement under the Foreign Copyright Laws, entitling RH to money damages under the Foreign Copyright Laws" (SAC ¶ 83). There is no basis for such an extraterritorial expansion of jurisdiction. *See State St. Glob. Advisors*, 431 F. Supp. 3d at 340; *Bisnews AFE*, 2011 WL 13195977, at *3.

Plaintiff also again fails to allege the requisite "plus" factor or "predicate acts" on which the Court might extend jurisdiction. For decades, courts in this District have "strictly adhered" to the requirement that, for such predicate-act jurisdiction to apply, "the act taking place in the United States at the very least must itself violate the Copyright Act." *Noland v. Janssen*, 2019 WL 1099805, at *3 (S.D.N.Y. Mar. 8, 2019) (dismissing copyright claim); *Fun-Damental Too,*

*Ltd. v. Gemmy Indus. Corp.*, 1996 WL 724734, at \*5 (S.D.N.Y. Dec. 17, 1996) (plaintiff failed to allege predicate act of copyright infringement in the U.S.); *Bisnews AFE*, 2011 WL 13195977, at \*3 (same). Here, Plaintiff does not allege that he owned the U.S. rights to *Austin Powers* at all. (SAC ¶ 13(a).) Thus, Apple hosting the film on its servers—as Plaintiff alleges—could not constitute a direct infringement of a U.S. copyright interest because Plaintiff owns no such interest. By contrast, Plaintiff does not allege that he owns any *foreign* copyright in *After the Rain*. (*Id.* ¶¶ 12–13.) Thus, there can be no direct extraterritorial infringement of "his" foreign copyright in *After the Rain* because, again, he does not claim to own such a copyright.

> **B.      Supplemental Jurisdiction Does Not Rescue Plaintiff's Foreign Copyright Claims.**

The SAC's attempt to invoke this Court's supplemental jurisdiction fails. To begin, before exercising supplemental jurisdiction, Plaintiff must plead a claim over which the Court has original jurisdiction. *Torah Soft Ltd. v. Drosnin*, 136 F. Supp. 2d 276, 292 (S.D.N.Y. 2001) (declining supplemental jurisdiction over foreign copyright claim when claims over which the court had original jurisdiction failed); *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 565 (S.D.N.Y. 2018). As described above, Plaintiff has not done so. *See supra* Section I. Plaintiff also fails to identify the foreign laws allegedly violated—much less a factual nexus between any violation of those laws and the United States—which also cautions against exercising supplemental jurisdiction. *See Bisnews AFE*, 2011 WL 13195977, at \*3.

Indeed, on top of the inefficiencies of learning unspecified foreign nations' laws, a U.S. court's adjudication of foreign copyright claims would violate basic comity principles. As Judge Pauley explained in *DigitAlb*, the foreign nation "undoubtedly possess the greater stake in protecting the property rights and the economic and cultural interests furthered by [its] foreign copyright laws." 284 F. Supp. 3d at 565. With insufficient U.S. conduct to tether Plaintiff's

claims to this Court, comity principles mandate dismissal. *Id.*; *cf. Murray v. British Broadcasting Corp.*, 81 F.3d 287 (2d Cir. 1996); *see also Choice of Law, Forum Selection, and Extraterritoriality*, 7 Patry on Copyright § 25:105 (Sep. 2020).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Hartmann's Second Amended Complaint in its entirety without leave to amend.

Dated: February 22, 2021        **O'MELVENY & MYERS LLP**
       New York, New York

                                */s/ Hannah Y. Chanoine*
                                Hannah Y. Chanoine
                                Gerard A. Savaresse
                                Times Square Tower
                                7 Times Square
                                New York, NY, 10036
                                Telephone: (212) 326-2000
                                Facsimile: (212) 326-2061
                                E-mail: hchanoine@omm.com
                                E-mail: gsavaresse@omm.com

                                David R. Eberhart (*pro hac vice*)
                                Two Embarcadero Center, 28th Floor
                                San Francisco, CA 94111
                                Telephone: (415) 984-8700
                                Facsimile: (415) 984-8701
                                E-mail: deberhart@omm.com

                                *Attorneys for Defendant Apple Inc.*