USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
RALF HARTMANN, :
:
                                         Plaintiff, :        1:20-cv-6049-GHW
:
           -against- :        **MEMORANDUM**
:        **OPINION AND ORDER**
APPLE, INC., :
:
                                       Defendant. :
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      The popular film *Austin Powers: International Man of Mystery* ("*Austin Powers*") lies at the center of this case. Plaintiff Ralf Hartmann alleges that Apple, Inc. violated his copyright and international distribution rights to *Austin Powers*, as well as his copyright to the film *After the Rain*, by reproducing and distributing the films on the iTunes Store in the United States and over 175 countries around the world. Apple moves to dismiss Hartmann's claims. Hartmann sufficiently alleges that he owns registered copyrights in the films and that Apple infringed those copyrights. However, because the complaint fails to plausibly allege that Apple knew or had reason to know that users of the iTunes Store were violating Hartmann's rights, Hartmann's contributory infringement claims are dismissed. Finally, because Hartmann does not identify a specific foreign law that Apple allegedly violated, Hartmann's foreign infringement claim is dismissed. For those, and the other reasons set forth below, Apple's motion to dismiss is GRANTED in part and DENIED in part.

I.  **BACKGROUND**[1]

   A.  **Facts**

Hartmann, a citizen of Germany, alleges that he owns various rights to the films *After the Rain* and *Austin Powers*. Sec. Am. Compl., Dkt. No. 44, ¶¶ 3, 12–13. Attached to Hartmann's second amended complaint ("SAC") are two records from the United States Copyright Office that are relevant to the ownership of the copyrights. Exhibit A is a copyright registration certificate for the film *After the Rain* identifying the copyright claimants as "Third Orbit Productions, Inc., & Erste & Zweite KC Medien, AG." Dkt. No. 44-1. Exhibit E includes two documents, the first records a copyright transfer for *Austin Powers* from New Line Productions, Inc. to Capella International, Inc., and the second records a copyright transfer for *Austin Powers* from Capella International to Erste Beteiligung KC Medien AG & Co. KG ("Erste"). Dkt. No. 44-5.

Citing these exhibits, Hartmann alleges that Erste, Cappella International, and Zweite Beteiligung KC Medien AG & Co. KG ("Zweite"), originally held rights in *After the Rain*, and that Erste and Cappella International also held rights in *Austin Powers*. Sec. Am. Compl. ¶¶ 14–16. On May 27, 2007, Erste and Zweite entered into a written agreement assigning their right, title, and interest in the films to Capella Films. *Id.* ¶¶ 17–18. On January 1, 2008, Capella Films and Cappella International entered into written agreements with Hartmann, assigning Hartmann their right, title, and interest in the films. *Id.* ¶¶ 19–20. Pursuant to the alleged chain of title, Hartmann contends that he is the owner of the copyright in *After the Rain* and the owner of the international copyright and distribution rights in *Austin Powers*. *Id.* ¶¶ 21–22.

Hartmann alleges that starting in July 2017, Apple reproduced and distributed *After the Rain*

---

[1] Unless otherwise noted, the facts are taken from the second amended complaint and the attached exhibits and are accepted as true for the purposes of this motion. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

and *Austin Powers* via the iTunes Store in both the United States and in various foreign countries. *Id.* ¶¶ 38–41, 44–47. The films were rented or purchased "hundreds of times" by users of the iTunes Store. *Id.* ¶¶ 42, 48. Hartmann did not give Apple authorization to reproduce or distribute the films. *Id.* ¶¶ 48, 50. Accordingly, Hartmann alleges that Apple violated the exclusive rights to reproduce and distribute the films that is afforded to Hartmann under 17 U.S.C. § 106 as the copyright owner of the films. *Id.* ¶¶ 23, 38, 50, 59.

### B. Procedural History

Ralf Hartmann initiated this action on August 3, 2020. Dkt. No. 1. Following a conference regarding a proposed motion to dismiss the initial complaint, Hartmann filed an amended complaint on October 30, 2020. Dkt. No. 28. Apple moved to dismiss the amended complaint on December 18, 2020. Dkt. No. 40. On January 15, 2021, Hartmann filed a second amended complaint. Dkt. No. 44. Because Hartmann filed a new amended complaint, the Court denied Apple's motion to dismiss the first amended complaint as moot. Dkt. No. 45.

The SAC pleads that Apple committed four counts of copyright infringement. First, Hartmann asserts that Apple directly infringed his copyrights to *After the Rain* and *Austin Powers* by reproducing and distributing the films without authorization. Sec. Am. Compl. ¶¶ 60–66. Second, Hartmann contends that Apple's direct infringement allowed foreign users of the iTunes Store to further infringe on Hartmann's copyrights, thus making Apple contributorily liable for the third-party infringement. *Id.* ¶¶ 110–18. Third, Hartmann asserts that Apple committed contributory copyright infringement by knowingly facilitating copyright infringement by users of the iTunes Store who streamed or downloaded the films. *Id.* ¶¶ 108–23. Finally, Hartmann alleges that Apple directly infringed the copyright laws of various foreign countries. *Id.* ¶¶ 79–83.

Apple filed a motion to dismiss the SAC and a memorandum of law in support of the motion. Dkt. Nos. 48–49. Hartmann filed a memorandum of law in opposition. Dkt. No. 53.

Apple's reply was filed shortly thereafter. Dkt. No. 55.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However,

> [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' A complaint must therefore contain more than 'naked assertion[s] devoid of further factual enhancement.' Pleadings that contain 'no more than conclusions . . . are not entitled to the assumption of truth' otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (alterations in original) (quoting *Iqbal*, 556 U.S. at 678–79). Thus, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (alteration in original) (citing *Twombly*, 550 U.S. at 555, 557).

In addition to the facts alleged in the complaint, courts "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . ." *ATSI*, 493 F.3d at 98. Courts may also consider "matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citation omitted).

III. **DISCUSSION**

    A. **Direct Copyright Infringement**

Hartmann has adequately pleaded his claim that Apple committed direct copyright infringement by reproducing and distributing the films *After the Rain* and *Austin Powers*. To survive a motion to dismiss on his direct copyright infringement claim, Hartmann must allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992); *see also Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 893 (S.D.N.Y. 2016); *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 352 (S.D.N.Y. 2014); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013). Apple challenges whether Hartmann has met the second and third requirements, arguing (1) that Hartmann failed to plausibly allege a valid ownership interest in the copyrights in *After the Rain* and *Austin Powers*, and (2) that Hartmann failed to plead a registered copyright in *Austin Powers*.

        1. **Ownership of a Valid Copyright**

A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright. *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003) (citing 17 U.S.C. § 410(c)). "A copyright owner may assign or transfer his copyright interest as long as the transfer is memorialized in writing and signed by the copyright owner." *Hutson v. Notorious B.I.G., LLC*, No. 14-CV-2307, 2015 WL 9450623, at *3 (S.D.N.Y. Dec. 22, 2015)

(first citing 17 U.S.C. § 204(a); and then citing *Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002)). "[A]n assignee may assert a claim for copyright infringement that occurred after the transfer as long as he plausibly alleges that he received the copyright through a valid transfer and was the copyright owner during the alleged infringement." *Id.* (citing *Arista Recs. LLC v. Lime Grp. LLC*, No. 06 CV 5936, 2011 WL 1641978, at *2 (S.D.N.Y. Apr. 29, 2011)). An assignee who receives a copyright through a transfer has "the additional burden of proving valid chain of title because nothing in the registration certificate evidences his right to claim through the original copyright claimant." *Arista Recs.*, 2011 WL 1641978, at *2 (quotation omitted). However, the complaint is not required to include a "detailed factual recitation" delineating "an unbroken chain of title to the rights at issue." *U2 Home Ent., Inc. v. Kylin TV, Inc.*, No. 06-CV-02770, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007).

Apple challenges the adequacy of Hartmann's ownership claim on several grounds. First, Apple contends that the SAC is deficient because it does not "allege a *signed* writing," and therefore fails to allege an adequate transfer of the copyrights to Hartmann. Apple Memorandum of Law ("Apple Mem."), Dkt. No. 49, at 8. The SAC alleges that Hartmann was assigned the copyrights to *After the Rain* and *Austin Powers* "[p]ursuant to a written assignment agreement dated January 1, 2008 and entered into between Capella Films and [Hartmann]" and "[p]ursuant to a written assignment agreement dated January 1, 2008 and entered into between Capella International and [Hartmann]." Sec. Am. Compl. ¶¶ 20–21.

Apple is correct that the SAC does not explicitly state that the written assignment agreements were signed. Yet, Apple's argument is unavailing in the context of a motion to dismiss, in which the Court is required to draw all reasonable inferences in Plaintiff's favor. The facts alleged in the complaint are sufficient to reasonably infer that the written assignments were signed. Parties commonly sign written agreements they are entering, and nothing in the SAC suggests the

agreements were not signed. A district court should not dismiss a claim "unless it is satisfied that the complaint cannot state any set of facts that would entitle [the plaintiff] to relief." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). That is far from the case here. By alleging assignment of the copyrights through a written agreement, the SAC plausibly pleads that Hartmann received the copyrights through a valid transfer.

Second, Apple argues that Hartmann has not plausibly alleged ownership of the copyrights because he made conflicting allegations of ownership in a New York State case. Apple Mem. at 9–11. Apple points to an answer and counterclaims filed by Cappella International and Hartmann, which alleges that in June 2002, Cappella International granted a license and distribution rights to a third party for the films *After the Rain* and *Austin Powers*. *Id.*; *see* NYSCEF Doc. No. 16, answer and counterclaim to complaint, at 1 ¶ 2, 8 ¶¶ 4–5, in *Screen Media Ventures, LLC v. Capella International, Inc.*, Sup Ct, NY County, index No. 654358/2012. Apple contends that the Court may take judicial notice of the pleadings "as a basis to conclude that the SAC's vague allegations simply do not create a plausible inference that Plaintiff owns the alleged copyrights." Apple Mem. at 10.

"The Court may take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into a motion for summary judgment." *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 313 n.7 (S.D.N.Y. 2015) (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)). However, "judicial notice of a document filed in another court" is generally appropriate "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)). Apple does not offer a reason why the Court should depart from this general rule.

Further, even if the Court took the statements in the state case as true, the statements do not

contradict the SAC. The statements do not establish that Cappella International, rather than Hartmann, held the rights to the films at the time of Apple's alleged infringement. Nor are the statements incompatible with the claim that Capella International assigned its rights to the films to Hartmann in 2001. At most, the statements are an admission that Capella International entered a licensing contract with a third party in 2002, regardless of who owned the rights to the films at that time. Drawing all reasonable inferences in favor of Hartmann, as the Court must do at the motion to dismiss stage, Hartmann has plausibly pleaded ownership of the copyrights as a result of the 2001 written assignment agreements.

Finally, Apple contends that Hartmann fails to state a claim because documents attached to the SAC show that Third Orbit Productions had an ownership interest in *After the Rain*, and the SAC does not state that Third Orbit Productions "unambiguously relinquished its interests in a signed writing." Apple Mem. at 9. Apple's contention is misplaced. "The right to prosecute an accrued cause of action for infringement is . . . an incident of copyright ownership" and "may be exercised independently of co-owners." *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007); *see also Copyright.net Music Pub. LLC v. MP3.com*, 256 F. Supp. 2d 214, 218 (S.D.N.Y. 2003) ("[T]here was simply no legal basis for requiring plaintiffs to join all co-owners of the compositions at issue."). Accordingly, whether Third Orbit Productions has a co-ownership interest in *After the Rain* does not affect Hartmann's right to bring a claim for copyright infringement. For these reasons, Hartmann has adequately alleged ownership of valid copyrights in *After the Rain* and *Austin Powers*.

    2.  **Copyright Registration**

At the motion to dismiss stage, Hartmann need only allege that "that the copyrights have been registered in accordance with the statute." *Kelly*, 145 F.R.D. at 36; *see also Warren*, 952 F. Supp. 2d at 617. "To require a plaintiff to do more, at the motion to dismiss stage, would be to subject copyright plaintiffs to a heightened level of pleading, something this Court has been strictly

8

proscribed from doing." *Warren*, 952 F. Supp. 2d at 617 (citing *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421–22 (7th Cir. 1993)).

Apple argues that Hartmann failed to plausibly allege that *Austin Powers* has been registered because the registration number for *Austin Powers* cited in the SAC "is no registration at all; rather it is a Copyright Office printout showing certificates of *recordation*." Apple Mem. at 7. It is true that the cited copyright registration numbers are certificates of recordation, not registrations for *Austin Powers*, and consequently do not prove that the movie has been registered. *See* Sec. Am. Compl. ¶ 13(a) ("Austin Powers: International Man of Mystery, Copyright Reg. No. V3405D622, dated October 20, 1997 and Copyright Reg. No. V3408D529, dated December 29, 1997 ('Austin Powers') ('Exhibit E')"); Dkt. No. 44-5. However, "the complaint is not required to attach copies of registration certificates or provide registration numbers for all of the copyrights at issue in order to survive a motion to dismiss." *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013).

The SAC meets the pleading burden by alleging that "Hartmann is the owner of copyrights in the following motion pictures which are registered with the United States Copyright Office: *After the Rain*" and "*Austin Powers*." Sec. Am. Compl. ¶¶ 21–22; *see Palmer Kane*, 2013 WL 709276, at *3 ("The complaint properly alleges that the copyrights have been registered in stating that the copyrights 'that are the subject of this action have been registered with the United States Copyright Office.'"). The citation to a certificate of recordation, which sets out part of the chain of title to the copyrights in *Austin Powers*, does not contradict Plaintiff's allegation that the copyright is registered. Later in the case, Plaintiff will have to provide the registration number in order to survive a motion for summary judgment. *Warren*, 952 F. Supp. 2d at 617. Plaintiff already appears to have done so in response to this motion to dismiss by providing a Copyright Office Record detailing a registration number for *Austin Powers*. Dkt. No. 54-4. Regardless, production of the registration number is not

9

required at this stage. *Warren*, 952 F. Supp. 2d at 617. It is sufficient that Hartmann alleged that the copyright is registered with the United States Copyright Office. *Id.*

### B. Contributory Copyright Infringement

Hartmann's contributory infringement claims against Apple are not pleaded adequately. The SAC alleges two contributory infringement claims, (1) that Apple's reproduction of *After the Rain* and *Austin Powers* at data centers in the United States "permitted further unauthorized reproduction and distribution of the motion pictures outside of the United States and further infringement by end-users of the iTunes Store" in foreign countries, and (2) that Apple, "by facilitating, managing or directing unauthorized distributions of Plaintiff's copyright protected motion pictures *After the Rain* and *Austin Powers*, materially contributed to the direct violation of copyright laws by end users who rented or purchased *After the Rain* and *Austin Powers* from the iTunes Store." Sec. Am. Compl. at 16 ¶ 115, 18 ¶ 115.

As an initial matter, the Court has jurisdiction over the SAC's allegations of acts of copyright infringement by foreign users of the iTunes Store. "It is well established that copyright laws generally do not have extraterritorial application." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). "However, the Second Circuit has recognized a narrow exception to this rule: Where an individual commits an act of infringement in the United States that permits further reproduction outside the United States . . . a court may assert jurisdiction over those foreign acts and a plaintiff may recover damages for the infringing acts that took place extraterritorially." *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, No. 96 CIV. 1103, 1996 WL 724734, at *4 (S.D.N.Y. Dec. 17, 1996) (citing *Update Art*, 843 F.2d at 73). Under the doctrine of contributory infringement, this exception can apply to extraterritorial infringement committed by a third party. *See Cooley v. Penguin Grp. (USA) Inc.*, 31 F. Supp. 3d 599, 610 & n.66 (S.D.N.Y. 2014) (concluding that a defendant was contributorily liable for extraterritorial infringement committed by third parties because the

defendant induced the extraterritorial infringement and committed an act of infringement in the United States that permitted the extraterritorial infringement). Accordingly, the Court can consider the SAC's claims that Apple is contributorily liable for the alleged copyright infringement of both domestic and foreign users of the iTunes Store.

Apple moves to dismiss both claims of contributory copyright infringement. "Although '[t]he Copyright Act does not expressly render anyone liable for infringement committed by another,'" the doctrine of contributory liability "emerged from common law principles and [is] well established in the law." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (quoting *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 434 (1984)). "To state a claim for contributory infringement, a plaintiff must allege facts that a defendant 'with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 383 (S.D.N.Y. 2016) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)).

"The knowledge standard is an objective one; contributory infringement liability is imposed on persons who 'know *or have reason to know*' of the direct infringement." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (quoting *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001)). "However, 'more than a generalized knowledge by the defendant of the possibility of infringement' is required." *Rams*, 202 F. Supp. 3d at 383 (brackets omitted) (quoting *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013)). "In weighing the knowledge requirement, courts consider evidence of actual and constructive knowledge, including cease-and-desist letters, officer and employee statements, promotional materials, and industry experience." *Capitol Recs., LLC v. ReDigi Inc.*, 934 F. Supp. 2d 640, 658 (S.D.N.Y. 2013), *aff'd*, 910 F.3d 649 (2d Cir. 2018) (collecting cases).

For both claims, Hartmann has not adequately pleaded that Apple had knowledge of the

11

allegedly infringing activity. For the underlying infringement, Hartmann alleges that "[a]ll users of the iTunes Store who streamed or downloaded copies of plaintiff's copyright protected motion pictures *After the Rain* and *Austin Powers*" engaged in infringing activity. Sec. Am. Compl. ¶ 114. Hartmann alleges that Apple contributed to this infringement "by facilitating, managing or directing unauthorized distributions of [the] copyright protected motion pictures *After the Rain* and *Austin Powers*." *Id.* ¶ 115.

To establish that Apple knew or had reason to know that it was not authorized to copy or distribute the motion pictures, the SAC generally alleges that "Apple employs a digital rights management team," "uses a digital rights management software to monitor its rights to prevent unauthorized usage," has "the benefit of industry experience," and "had access to license and distribution information contained in metadata accompanying digital copies of Plaintiff's motion pictures." *Id.* ¶¶ 53–55, 119.

Hartmann's allegations are too conclusory to establish that Apple had reason to know that users of the iTunes Store were infringing Hartmann's rights to *After the Rain* and *Austin Powers*. Hartmann merely recites basic characteristics of Apple's business model and experience; he does not allege that Apple investigated the metadata of *After the Rain* and *Austin Powers* and discovered his ownership interest, or that Apple employs practices such that Apple ordinarily would have discovered his interest. Nor does the SAC allege that Apple had a particular business incentive to investigate the ownership of these films. At most, Hartmann has pleaded that Apple had the general ability to discover Hartmann's rights if Apple had specifically investigated the metadata of the films. These allegations are insufficient to state a claim for contributory copyright infringement. *See State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 358 (S.D.N.Y. 2020) ("At most, Defendant has pleaded that Plaintiff had generalized knowledge of the possibility that third parties might infringe Defendant's copyright. That is insufficient to state a claim for contributory copyright

infringement."); *cf. Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 107 (2d Cir. 2010) ("[A] service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary.").

    **C.**    **Foreign Copyright Infringement**

Hartmann's foreign copyright infringement claim is not pleaded adequately. "[A] complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." *Kelly*, 145 F.R.D. at 35 (quotation omitted). The purpose of this rule is to "provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 295 F. Supp. 3d 404, 415 (S.D.N.Y. 2017) (quoting *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003)). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The SAC alleges that "Apple's actions of copying and reproducing Plaintiff's copyright protected motion pictures *After the Rain* and *Austin Powers* on Apple's Data Centers located outside the United States, and distributing *After the Rain* and *Austin Powers* to iTunes Store customers in the Foreign Countries, without [Hartmann's] authorization or consent, constitutes copyright infringement under the Foreign Copyright Laws." Sec. Am. Compl. ¶ 83. The SAC fails to identify a single specific foreign copyright law that Apple allegedly violated. Nor does the SAC give adequate notice of which foreign countries are at issue. Instead, the SAC provides a nonexclusive list, stating that Apple violated the laws of countries "including, but not limited to Australia, United Kingdom, Germany, Poland, Norway, Sweden, Finland, and Denmark." *Id.* ¶¶ 28, 56, 83. "The failure to identify which copyright laws other than those of the United States may have been violated by the defendants' alleged acts is especially problematic in light of Rule 44.1 of the Federal Rules of

Civil Procedure, which 'requires that a party intending to raise an issue of foreign law do so by pleadings or other reasonable notice.'" *Vapac Music Pub., Inc. v. Tuff 'N' Rumble Mgmt.*, No. 99 CIV. 10656, 2000 WL 1006257, at *7 (S.D.N.Y. July 19, 2000) (quoting *Sullivan v. Ajax Navigation Corp.*, 881 F. Supp. 906, 909 n. 3 (S.D.N.Y. 1995)). The allegations in the SAC are too vague to give Apple notice of the grounds on which the foreign copyright claim rests. *Vapac Music Pub.*, 2000 WL 1006257, at *7 ("General references to 'international copyrights' and 'sale in various territories of the world,' without any greater jurisdictional specificity does not provide the defendants with adequate notice of the foreign law that the plaintiff asserts is applicable to this case."); *cf. Cheever v. Huawei Device USA, Inc.*, No. 18-CV-06715, 2019 WL 8883942, at *2 (N.D. Cal. Dec. 4, 2019) (holding that a plaintiff adequately pleaded a foreign copyright infringement claim by "specifying which [infringing acts], in which countries, in violation of which laws"). Consequently, the Court dismisses Hartmann's foreign copyright infringement claim.

## IV. LEAVE TO AMEND

The Court grants Plaintiff leave to replead the dismissed claims. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *see also* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). While leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," those circumstances do not apply in this case. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citation omitted). Any amended complaint must be filed no later than fourteen days from the date of this order.

## V. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is GRANTED in part and DENIED in part. The plaintiff's contributory infringement claims and foreign infringement claim

are dismissed without prejudice.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 48.

SO ORDERED.

Dated: September 20, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge